UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 2:18 CV 264 |
| | ) |
| TIERA BUTLER, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

**I.    BACKGROUND**

Plaintiff Capital One Bank (USA), N.A., ("Capital One") originally filed this lawsuit in Porter County Superior Court in the State of Indiana against defendant Tiera Butler ("Butler") on June 13, 2018. (DE # 3.) Capital One alleges Butler owes $ 4,046.59 on a defaulted credit card account. (*Id*. at 1–4.)

Butler, acting *pro se*, removed the action to this court in a notice of removal filed June 13, 2018. (DE # 1.) In addition to stating her basis for removal, Butler's notice of removal also attempts to assert "a common-law compulsory counterclaim." (*Id*. at 14.)

On July 27, 2018, Capital One moved to remand the case back to state court because this court lacks subject matter jurisdiction. (DE # 6.) Butler did not respond to the motion. The time has now passed for a response to be filed to the pending motion, and the motion is ripe for ruling. *See* N.D. Ind. L.R. 7-1.

## II.  LEGAL STANDARD

The removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The party invoking federal jurisdiction bears the burden of demonstrating its existence. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). Thus, when a party opposing federal jurisdiction challenges the allegations of jurisdictional facts, the party seeking the federal forum must prove those facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006).

District courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.  DISCUSSION

In her notice of removal, Butler argues that this court has subject-matter jurisdiction over the case based on a federal question. (DE # 1 at 1, 5.) In its motion to remand, Capital One argues that there is no subject-matter jurisdiction because there is no federal question, and, alternatively, that defendant could not have removed the case to this court on the basis of diversity. (DE # 7 at 2–3.) The court will address both of plaintiff's arguments, beginning with the federal question argument.

2

### A. Federal Question

A case presents a federal question when it arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. According to the "well-pleaded complaint rule," the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

On its face, plaintiff's complaint does not invoke the Constitution or any other federal laws or statutes. (*See* DE # 3.) Nonetheless, Butler argues that a federal question exists because the action relates to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"), and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ("FAA"). (DE # 1 at 5.)

Although neither of these statutes are mentioned in the complaint, it is true that Butler has attempted to file a counterclaim under the FDCPA, which is a federal statute. (DE # 1 at 14–17.) However, in accordance with the well-pleaded complaint rule, "claims in a counterclaim cannot confer federal question jurisdiction over a case." *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 875 (7th Cir. 2004). Therefore, Butler's FDCPA claim cannot provide this court with jurisdiction.

Butler also invokes 9 U.S.C. § 205 of the FAA (*see* DE # 1 at 4–5), which allows for the removal of certain actions from state court when they relate to an arbitration agreement or award falling under the Convention on the Recognition and Enforcement

of Foreign Arbitral Awards of June 10, 1958 (the "Convention"). Specifically, the statue allows the following:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

Nevertheless, defendant has not identified any arbitration agreement or award that relates to the subject matter of this action. (*See* DE # 1.) Nor is any arbitration agreement or award referenced in the complaint. (*See* DE # 3.) Therefore, this is not a proper basis for removal of the action.

As the party invoking federal jurisdiction, Butler bears the burden of demonstrating that a federal question exists. *See Appert*, 673 F.3d at 617. She has failed to do so. Accordingly defendant has failed to demonstrate this court's subject-matter jurisdiction over the action.

B.  *Diversity*

Defendant Butler does not assert diversity as a basis for jurisdiction or as a basis for removal. Regardless, removal based on diversity would have been improper based on the "forum defendant rule." According to the forum defendant rule, a civil action

4

removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Butler is the only defendant in this action. She states that she lives in Valparaiso, Indiana. (DE # 1 at 4.) Although Butler refers to herself as "a Stateless, sovereign, nonresident alien, foreign Hebrew Israelite Diplomat national republic" and "NOT a 'U.S.** citizen'" this argument fails to establish that she is not a citizen of Indiana. *See Westby Co-Op Credit Union v. Hertler*, No. 12-cv-811-wmc, 2012 WL 6195992, at *2 (W.D. Wis. Dec. 12, 2012) (ruling defendants residing in Wisconsin were not foreign citizens for diversity purposes despite allegations that they were foreign sovereign citizens); *see also U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected . . . theories of individual sovereignty. . . . Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

Consequently, Butler is a citizen of the state in which the action was brought, and the forum defendant rule would apply. Therefore, removal on the basis of diversity would have been procedurally defective. *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058–59 (S. D. Ill. 2006).

In sum, defendant has not demonstrated any basis for subject-matter jurisdiction or that the removal of this action was proper. Remand is necessary.

## IV. CONCLUSION

For the reasons set forth above, the motion to remand (DE # 6) is **GRANTED**, and this case is **REMANDED** to the Porter County Superior Court. This action is hereby **CLOSED**, and any other pending motions are hereby **TERMINATED**.

**SO ORDERED.**

Date: January 11, 2019

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT